**COMMONWEALTH of Pennsylvania, Appellee**

v.

**SMP, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 2014.

Filed March 18, 2014.

Kenneth A. Olsen, Lebanon, New Jersey, for appellant.

Thomas J. Campion, Jr., Assistant District Attorney, Pottsville, for Commonwealth, appellee.

BEFORE: LAZARUS, J., OTT, J., and JENKINS, J.

OPINION BY LAZARUS, J.:

SMP, Inc. (hereinafter "SMP") appeals from the judgment of sentence imposed in the Court of Common Pleas of Schuylkill County after its conviction for violating the Vehicle Code by operating a commercial vehicle with a hazardous braking system.[1] Upon review, we reverse.

The charge in this matter arose from an incident in which a commercial tractor-trailer owned by SMP crashed, leading to the death of the driver. State Trooper Joseph Aponick arrived on the scene first. After realizing the crash involved a fatali-

---

1. 75 Pa.C.S. § 4107(b)(2.1).

ty, Trooper Aponick requested State Trooper Joseph DeLash be dispatched to the scene to complete an investigation. Trooper DeLash is certified as a North American Standard Level 1 Inspector by the United States Department of Transportation, Office of Motor Carriers. After arriving on the scene, Trooper DeLash spoke with Trooper Aponick who relayed the information he had collected from his own investigation and from speaking with an eyewitness to the crash. Trooper DeLash did a "walk through" of the scene, and then began his physical inspection of the vehicle.

Trooper DeLash first examined visible parts and accessories before moving to the brake system. Typically, the tractor's own air supply would be used to fill the brake line for testing. However, because the air supply to the brake line was damaged in the crash, Trooper DeLash was forced to alter the inspection process by using an air supply from the tow truck and connecting it into the tractor's system. After attaching the auxiliary air source, Trooper DeLash discovered severe leakage in the brake line, also caused by the crash, which forced him to again depart from the federal standards, and use clamps to close off the leaks.

During his inspection, Trooper DeLash discovered the brake on the right hand side of the first axle was beyond the readjustment limits provided in the Commercial Vehicle Safety Alliance Procedure out-of-service criteria. Where a brake is outside the readjustment limits, it is considered defective under Pennsylvania law.

Using the auxiliary air supply system from the tow truck, Trooper DeLash checked the remaining brakes. During his inspection, neither of the brakes on the fifth axle moved. Trooper DeLash also deemed these brakes nonfunctional and defective based on the out-of-service criteria.

Out of the ten brakes on the tractor trailer, Trooper DeLash deemed three of the brakes defective under the out-of-service criteria. Based on this determination, Trooper DeLash issued SMP a citation for violating section 4107(b)(2.1) of the Vehicle Code, which provides:

It is unlawful for any person to do any of the following:

[O]perate a motor carrier vehicle, bus or school bus the brake system of which is in such condition that further operation would be hazardous under section 4704(c)(1) (relating to inspection by police or Commonwealth personnel).

75 Pa.C.S. § 4107(b)(2.1).

Section 4704(c)(1) of the Vehicle Code provides:

(c) Operation prohibited if hazardous.—

(1) In the event a vehicle or a mass transit vehicle, or its equipment, load or driver, in the reasonable judgment of the officer or qualified Commonwealth employee, is in such condition that further operation would be hazardous, the officer or qualified Commonwealth employee may require that the vehicle or the mass transit vehicle not be operated under its own power or that the driver discontinue driving, or both, and may so stipulate in the notice given under subsection (b). In the case of motor carrier vehicles or their drivers, all such determinations shall be based on out-of-service criteria established in department regulations.

75 Pa.C.S. § 4704(c)(1).

Pennsylvania has adopted the North American Standard Out–of–Service Criteria. *See* 67 Pa.Code § 229.16 and 67 Pa. Code § 231.9. Under these criteria, a vehicle or combination vehicle is out-of-service

if 20% or more of its service brakes are defective. Appellee's Brief at 6.

SMP pled not guilty to the citation. A hearing was held before the Magisterial District Judge on August 21, 2012. SMP was found guilty and ordered to pay a fine of $300.00 plus costs and surcharges, for a total of $398.00. SMP then filed a timely notice of appeal with the Schuylkill County Court of Common Pleas, which held a de novo bench trial that began on November 14, 2012, and concluded on December 13, 2012. The court found SMP guilty of the violation and ordered it to pay the fine, costs, and surcharges as ordered by the Magisterial District Court. Thereafter, SMP filed a timely notice of appeal on January 11, 2013.

On appeal, SMP challenges the sufficiency of the evidence supporting its conviction. In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa.Super.2000). SMP argues Trooper DeLash's failure to inspect the tractor-trailer in accordance with federal standards prohibits a conviction based on the inspection pursuant to *Commonwealth v. Richards*, 406 Pa.Super. 149, 593 A.2d 1279 (1991). We agree.

In *Richards*, the defendant was issued a citation because his trailer brakes were out of adjustment in violation of 75 Pa.C.S. § 4107(b)(2) and 49 C.F.R. § 396.3. *Id.* at 1283. Under 49 C.F.R. § 396.3(a)(1), push rod stroke should be measured with the engine off "and reservoir pressure of 80 to 90 psi with [the] brakes fully applied." However, at trial, the trooper who inspect-

ed the vehicle testified he used a reservoir pressure of 110 psi. *Id.* Although the inspecting trooper testified "the procedures which he employed were acceptable," and the Commonwealth's expert testified there was no "correct way to measure the push rod stroke," we could not "simply dismiss the trooper's own testimony that he did not follow, with exactitude, the directions in his manual." *Id.* We held the record was otherwise "devoid of indication that this derogation was harmless." *Id.* at 1283 n. 4.

Without evidence that the deviation was inconsequential, we noted it was possible "the trooper's failure to comply with the [provided] requirement may have resulted in an incorrect reading, in which case a criminal citation may have been issued improperly." *Id.* at 1283. We also found the appellant's argument "that criminal provisions must be strictly construed" to be persuasive, finding "the trooper's noncompliance with the applicable provisions was material," and that "the criminal citations upon which the appellants were convicted were premised on flawed tests." *Id.* at 1284. Unable to determine the trooper's "actions did not affect the accuracy of the measurements," and "absent overwhelming evidence to the contrary" the court held "the trooper's measurement should have been in direct conformity to the [federal] rules" and vacated the judgment of sentence due to inadequate support for the appellants' conviction. *Id.* at 1282.

In this case, Trooper DeLash's inspection of the vehicle did not comply with the North American Standard Inspection Procedure. Trooper DeLash testified he forced air through the brake line using a compressor on the tow truck to inflate the brake lines. Then, where the brake line had leaks, he clamped those leaks off using vice grips. As in *Richards*, while Trooper DeLash testified this deviation was incon-

sequential to the results of his inspection, there is no other evidence in the record this was an irrelevant deviation from the North American Standard Inspection Procedure. Rather, SMP's expert, Dr. Dennis Andrews testified Trooper DeLash's inspection methods were improper, and would not prevent leaks in the line. As we stated in *Richards*, "absent overwhelming evidence" the deviations from the standard investigation practices did not affect the accuracy of the measurements, the evidence is inadequate to support a conviction.

While the court is cognizant of the practical implications of inspecting a severely damaged vehicle and the limitations that might exist in conforming to typical inspection standards, that does not alleviate the Commonwealth of its burden of proof. Although Trooper DeLash's modified inspection may have produced valid results, the record lacks any evidence, aside from Trooper DeLash's own testimony, of the same. Like *Richards,* it is not the deviation from the usual methodology that is problematic; it is the lack of evidence that the deviation did not affect the inspection results. Because we are required to construe criminal statutes narrowly, we must reverse.

SMP also argued reasonable doubt existed whether the brakes on the trailer's fifth axle were operating before and after the accident, thus precluding a violation of 75 Pa.C.S. § 4701(b)(2.1). Because we have already reversed on other grounds, we do not reach this question.

Judgment of sentence reversed. Jurisdiction relinquished.